978 So.2d 282 (2008)
Antonio PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1145.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for appellant.
*283 Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Antonio Palmer was charged with attempted murder in the first degree and found guilty of the lesser included offense of attempted murder in the second degree arising from a shooting involving Palmer and a co-defendant, Gerald Muir.
Palmer argues that the trial court erred in refusing to allow defense counsel to put before the jury the reputation of the victim, Mr. Ward, for truth and veracity in the community. We agree.
Chris Jones was called to testify as a defense witness. Defense counsel conducted a voir dire examination of Jones outside the presence of the jury. The following exchange occurred:
DEFENSE COUNSEL: Do you know what Mr. Ward's reputation is in your neighborhood for truth or dishonesty or honesty?
JONES: It's pretty bad.
This was sufficient to allow the jury to consider the victim's reputation for truth and veracity in the community. Though other questions were raised by the State following this exchange, attempting to undermine the predicate for Mr. Jones's opinion, those questions went to the weight of the testimony and would have been properly raised on cross-examination by the State.
As the victim's testimony was the only evidence linking Palmer to the shooting, his credibility was the heart of the defense, and it was error to leave out his reputation for truth and veracity. We cannot find this error harmless because other witnesses specifically denied seeing Palmer at the scene of the shooting. The whole defense was based on the victim's credibility or lack thereof. We, therefore, reverse on this issue, and remand for a new trial.
Additionally, Palmer argues that his sentence should be reversed because although he was convicted of the lesser included offense of attempted murder in the second degree, he was still sentenced to the same sentence were he to have been found guilty as charged. But Palmer's argument has already been addressed and rejected by the Florida Supreme Court. See Sanders v. State, 944 So.2d 203 (Fla. 2006). Thus, we affirm on this issue should Palmer be convicted of the same offense on retrial.
Affirmed in part, reversed in part and remanded.
GROSS and MAY, JJ., concur.