987 So.2d 230 (2008)
Gerald MUIR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1062.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Appellant, Gerald Muir, together with codefendant, Antonio Palmer, was charged with attempted murder in the first degree. Appellant and the codefendant were found guilty of the lesser included offense of attempted murder in the second degree.
Appellant urges the trial court reversibly erred in refusing to allow him to submit defense evidence as to the reputation of the victim in this case for truth and veracity in the community. We agree and reverse and remand for a new trial.
At trial, the defense called Christopher Jones, who testified that he had lived in the same neighborhood as appellant for five years. Jones knew the victim "[t]hrough the neighborhood. I know people who know him. I've seen him a few times, but I really like stay out of his way or whatever." He had "known of" appellant "for maybe like two years" but was not a friend of his. The defense then requested to ask Jones questions about the *231 victim's reputation in the community and the trial court permitted appellant to make an offer of proof outside the jury's presence.
During the proffer, Jones reiterated that he had "seen [appellant] around like two years, I've known of him for two years." Jones was not sure if he and the victim knew the same people. Defense counsel then questioned the witness:
Q: Do you know what Mr. Ward's reputation is in your neighborhood for truth or dishonesty or honesty?
A: It's pretty bad.
Jones elaborated as follows:
Because from what I know of Mr. Ward, the reason I said I know of him and I like to stay out of his way is because it's like if you know him, he's like, you know, he's the type of person who was like always into something and always like a control freak or something, like tries to have control over everyone or everything. He wants to bogart things.
Jones clarified that he was using the term "bogart" to mean bully. Jones next offered the following:
DEFENSE COUNSEL: Mr. Jones, do you know of any specific instances where Mr. Ward was untruthful or dishonest?
A: Yeah, he got shot before in the same neighborhood and I know people was like, he was dishonest on that because the guy he was trying to bully, another guy, he was dishonest and saying things about the guy.
....
He was like dishonest because it was like people say he took money for the case and he tried to like lie on the dude or something.
As this court stated in Palmer v. State, 978 So.2d 282 (Fla. 4th DCA 2008), concerning appellant's codefendant Palmer:
This was sufficient to allow the jury to consider the victim's reputation for truth and veracity in the community. Though other questions were raised by the State following this exchange, attempting to undermine the predicate for Mr. Jones's opinion, those questions went to the weight of the testimony and would have been properly raised on cross-examination by the State.
Id. at 283.
As in Palmer, this could not be considered harmless error, as only Ward himself identified appellant as one of the people who shot him. The entire defense was based on the victim's credibility as to his identification of appellant as the shooter.
Because we are reversing and remanding for a new trial, we decline to address all other issues raised.
Reversed and Remanded For New Trial.
KLEIN and DAMOORGIAN, JJ., concur.